UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

FLORENCE DIVISION

| | |
|---|---|
| SHAWN BARRETT | ) Civil Action No.: 4:23-cv-02658-RBH-TER |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| GRAND STRAND REGIONAL MEDICAL CENTER/HCA HEALTHCARE, INC. PARALLON, SHERRI MOUNTAIN, and MICHELE WALKER | ) |
| Defendant. | ) |

Pending before the Court are Defendants' motions to dismiss and motion to strike, ECF No.s 5&8, as well as Plaintiff Shawn Barrett's motion to amend her complaint, ECF No. 9. This matter is before the Court with the Report and Recommendation ("R&R") of United States Magistrate Judge Thomas E. Rogers, III, who recommends that the court grant in part and deny in part Defendants' motion to dismiss. The Magistrate Judge recommends dismissing Plaintiff's causes of action for Age Discrimination in Employment Act (ADEA) Age Discrimination, negligent supervision, slander, tortious interference with contract, and dismissing Parallon as a Defendant (Plaintiff consents to such dismissal).[1] ECF No. 17. Further, the Magistrate Judge recommends denying Defendants' motions to strike, ECF No.'s 5&8, and granting Plaintiff's motion to amend her complaint, ECF No. 9. ECF No. 17. Plaintiff filed objections to the Magistrate Judge's R&R, ECF No. 19, and Defendants filed a Reply, ECF No. 21. The Court has reviewed all filings and adopts the Magistrate Judge's recommendation to dismiss Parallon, the Plaintiff's claims for ADEA Age Discrimination, negligent supervision, slander, tortious

---

[1] This Magistrate Judge issued the R & R in accordance with U.S.C. § 636(b) and Local Civil Rule 73.02(B)(g) (D.S.C.).

interference with contract, and the Magistrate Judge's recommendation to deny Defendants' motions to dismiss Plaintiff's causes of action for race discrimination, hostile work environment, and retaliation in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000(e) et seq. and 42 U.S.C. § 1981. Likewise, this Court adopts the Magistrate Judge's recommendation to deny Defendants' motions to strike and to grant Plaintiff's motion to amend her complaint. This Court caveats this order due to the motion to quash presented within the Defendants' motion. The Defendants allege HCA Healthcare, Inc. was not properly served, and the Magistrate Judge and this Court agree. Accordingly, no decisions herein shall be of any consequence upon HCA Healthcare, Inc. at this time. Therefore, Defendants' motions to dismiss are granted in part and denied in part, Defendants' motions to strike are denied, and Plaintiff's motion to amend her complaint is granted.

## Background

The R&R adequately sets forth the factual background of this case. However, to briefly summarize, Plaintiff claims she was subjected to an undesirable work environment where she was harassed, bullied, and intimidated by two co-workers in particular, Defendants Mountain and Walker. Further, Plaintiff alleges that these individuals spread false information regarding Plaintiff, specifically regarding her ability to perform her job. Plaintiff alleges that she internally reported the actions of the individual Defendants to her supervisor who properly escalated such complaints. Yet, Plaintiff alleges that such complaints were of no avail and that the work environment did not improve. Plaintiff was eventually terminated and was told that it was a result of her failure to have reliable and consistent attendance, and that such failures impeded her ability to effectively perform her position. However, Plaintiff disputes this rationale and believes the true reason for her termination was a mixture of discrimination and retaliation. Accordingly, Plaintiff has sought to pursue legal action against both her former employer, Grand Strand Medical Center/HCA Healthcare, Inc, as well as Sherri Mountain and Michele Walker.

## Standard of Review

The Magistrate Judge makes only a recommendation to the Court. The Magistrate

Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber,* 423 U.S. 261, 270-71 (1976). The Court must engage in a de novo review of those portions of the R&R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R&R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).

### Rule 12(b)(6) Standard

To Survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. V. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)) (citing Fed. R. Civ. P. 8(a)(2)); *United States ex rel. Taylor v. Boyko*, No. 20-1661, 2022 WL 5336802, at *6 (4th Cir. June 29, 2022). When considering a Rule 12(b)(6) motion, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. *Ostrzenski v. Seigel*, 177 F.3d 245, 251 (4th Cir. 1999). The district court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments"; however, it must "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. V. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

### Discussion

The Magistrate Judge recommends granting in part and denying in part Defendants' motions. Further, the Magistrate Judge recommends granting Plaintiff's motion to amend. This

Court will address such recommendations herein.

**A. Age Discrimination in Violation of the Age Discrimination in Employment Act.**

The R&R found that dismissal of Plaintiff's age discrimination cause of action was appropriate, finding that Plaintiff's "allegations with respect to her age discrimination claim amount[ed] to 'naked assertion[s]' devoid of 'further factual enhancement.'" ECF No. 17 at 9. Accordingly, the Magistrate Judge found that Plaintiff failed to meet the pleading standard required to survive a motion to dismiss.

In order to establish a prima facie case under the Age Discrimination in Employment Act(ADEA), a Plaintiff must establish that "(1) at the time of her firing, she was at least 40 years of age; (2) she was qualified for the job and performing in accordance with her employer's legitimate expectations; (3) her employer nonetheless discharged her; and (4) a substantially younger individual with comparable qualifications replaced her." *Westmoreland v. TWC Admin. LLC*, 924 F.3d 718, 725 (4th Cir.). While a Plaintiff need not "plead a prima facie case of discrimination ... to survive [a] motion to dismiss," a Plaintiff must still satisfy the "stringent pleading standard established in *Iqbal* and *Twombly*." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569-70, 127 S. Ct. 1955, 167 L. Ed. 2d 929; (2007)*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002);*Woods v. City of Greensboro*, 855 F.3d 639, 648 (4th Cir. 2017); *McCleary-Evans v. Maryland Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 584 (4th Cir. 2015). Accordingly, a Plaintiff must "allege facts to satisfy the elements of a cause of action created by [the relevant] statute." *Woods*, at 648 (4th Cir. 2017). Under such a standard Plaintiff must present the Court with sufficient allegations to state a "plausible claim for relief," such allegations must "raise a right to relief above a speculative level." *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937; *Woods* at 648 (4th Cir. 2017). The factual allegations presented by the Plaintiff must amount to more than "naked assertion[s]" devoid of "further factual enhancement." *Id*. Likewise, this standard will not be satisfied when a complaint "alleges nothing more than" an assertion that a member of a protected class was treated less favorably than "someone outside her protected class." *McCleary-Evans* at 588 (4th Cir. 2015).

Plaintiff's complaint asserts the following:

¶17. The Plaintiff's first charge of discrimination was filed on November 23, 2021, and set forth the following
    IV. That younger less qualified individuals have been treated more favorably
    X. That individuals who are younger employees were treated more favorably, not bullied, not harassed, and not subjected to discrimination.
    XI. That I am being treated differently based on my age ...
    XII. That I have discriminated against based on my age in violation of the Age Discrimination in Employment Act.
¶28. During the Plaintiff's employment, the Plaintiff suffered discrimination based on her race, age, retaliation for her complains and hostile work environment in violation of the Defendants' policies and procedures and the law.
¶96. That the Plaintiff was subjected Age Discrimination while employed with the Defendant.
¶97. That the Defendant, treated the Plaintiff significantly differently based on her age. That younger individuals were permitted to have more favorable job assignments, more favorable tours, returned to work appropriately, and not disciplined.
¶98. That the Defendant, treated the Plaintiff significantly different than it treated younger employees. That the Defendant did not discipline younger employees for actions that would have been terminable offenses. That the Defendant treated younger employees more favorably with better assignments, returned to work, bigger raises, better evaluations and no discipline.

These factual allegations, presented in Plaintiff's complaint, are insufficient to "nudge[] [her] claims' of [age] discrimination across the line from conceivable to plausible." *McCleary-Evans*, 780 F.3d at 587 (4th. Cir. 2015). Plaintiff's allegations primarily reiterate time and again that she was subjected to age discrimination. While she outlines the discrimination by claiming others were treated more favorably in work assignments, not harassed, and not disciplined in the same manner as her, these claims are merely Plaintiff substituting blanket statements, less broad than a claim of "age discrimination," but no less "naked" than a broad claim of discrimination. Such claims are not the types of "factual allegations" sufficient for this Court to conclude that Plaintiff's claim is "plausible." Accordingly, this Court must conclude that Plaintiff's complaint merely "alleges nothing more" than that she was over 40 (a member of a protected class) and stated that she was treated less favorably than younger employees, such a complaint does not rise to the level required to survive a motion to dismiss. Accordingly, this Court wholly agrees with the Magistrate Judges analysis and adopts the R&R, dismissing Plaintiff's cause of action under the ADEA.

**B. Slander**

Upon review of the pleadings, the Magistrate concluded that the Plaintiff's slander claim

should be dismissed as Plaintiff's allegations "are vague and she includes no allegations as to whom these false statements were made." ECF No. 17 at 12. Despite Plaintiff's objections, this Court likewise finds that, accepting Plaintiff's factual allegations as true, such facts fail to state a claim for slander that is plausible on its face. The complaint fails to identify particular false statements or to whom they were made. Thus, the Court dismisses Plaintiff's cause of action for slander.

Plaintiff objects to the Magistrate's R&R and claims that the "Plaintiff has provided sufficient evidence regarding a proper Slander claim" and that "the court should have reviewed all the facts including the history of the Plaintiff's position with the Defendant, Grand Strand." ECF No. 19 at 5. Plaintiff states that such facts should entitle her "to move beyond a motion to dismiss and [permit] further discovery regarding ... false statements" made be Defendants Mountain and Walker. ECF No. 19 at 8.  Plaintiff's objection to the R&R references several portions of the complaint to allege she has asserted a viable slander claim. The referenced statements allege that Defendants Mountain and Walker "began to make trouble for her," "would make negative commentary ...[and] African American Jokes," "regularly made commentary regarding the Plaintiff's whereabouts attempting to cast shade on the Plaintiff," "made several false statements," "made statements regarding the Plaintiff's performance of her positions, failing to appear to conduct the requirements of her position and defamatory statements regarding her overall performance," and "allege[d] that Plaintiff failed to perform her position ... [and] that the Plaintiff was failing to come to work because there was a lack of scans through secure doors." ECF No. 19 at 6-8. Plaintiff claims that as "a direct result of the false statements by Mountain and Walker" she was suspended. *Id*.

Plaintiff does not specifically object to, or argue as incorrect, the law set forth in the R&R. As stated in the R&R, South Carolina law requires a Plaintiff to, at a minium, set forth with specificity as to what the alleged false statements were or to what third party such statements were published. ECF No. 17 at 12; *See McNeil v. S.C. Dep't of Corr.*, 404 S.C. 186, 195, 743 S.E.2d 843, 848 (Ct. App. 2013) (dismissing defamation claim where Plaintiff alleged Defendant "made and published statements that insinuated she was unfit in her business and profession" due to

failure to "set forth with any specificity what the alleged false statements were. She also did not allege any of the statements were published to a third party..."); *Dombek v. Adler*, No. 2:18-CV-391-RMG, 2019 WL 459019, at *2 (D.S.C. Feb. 5, 2019); *Carson v. Emergency MD, LLC*, No. CV 6:20-1946-HMH, 2020 WL 5077655, at *5 (D.S.C. Aug. 25, 2020); *Heyward v. Careteam Plus*, Inc., No. 4:21-CV-0754-SAL-TER, 2022 WL 406016, at *3 (D.S.C. Feb. 10, 2022). Further, slander is the spoken form of defamation, South Carolina law requires a party asserting the claim of defamation to prove the following elements: "(1) a false and defamatory statement was made; (2) the unprivileged publication of the statement to a third party; (3) the publisher was at fault; and (4) either the statement was actionable irrespective of harm or the publication of the statement caused special harm."[2] *Williams v. Lancaster Cty. Sch. Dist.*, 369 S.C. 293, 302-03, 631 S.E.2d 286, 292 (Ct. App. 2006).

Accordingly, this Court has reviewed the Magistrate's finding of law and supplements the Magistrate Judge's findings with the listed defamation elements, and will apply the same to the *entirety of the complaint*. The Court has reviewed the record, especially those paragraphs of the Complaint referenced in Plaintiff's objection to the R&R. The greatest details relating to the "false statements" that Defendant "published" appear in Plaintiff's allegation that Defendants Mountain and Walker "made several false statements," "made...defamatory statements regarding her overall performance," and "alleged that Plaintiff failed to perform her position ... [and] that the Plaintiff was failing to come to work." ECF No. 17 at 12. Such allegations provide scarce details, even when accepted as true they fail to rise to a level of stating "a claim that is plausible on its face." *Iqbal*, 556 U.S. at 678. The allegations lack specificity in terms of who actually made what statements, what was specifically said in the statements, and to whom those statements were published. Therefore, upon reviewing the *entirety* of Plaintiff's complaint, Plaintiff's objections

---

[2] With respect to the fourth element, defamation that is actionable irrespective of special harm is defamation per se, which includes defamatory statements regarding 1) the commission of a crime, 2) contraction of a loathsome disease, 3) adultery, 4) unchastity, or 5) unfitness in one's business or profession. *Fountain v. First Reliance Bank*, 398 S.C. 434, 442, 730 S.E.2d 305, 309 (S.C. 2012) (citing *Goodwin v. Kennedy*, 347 S.C. 30, 36, 552 S.E.2d 319, 322-23 (S.C. Ct. App. 2001)).

are overruled and her slander action is dismissed.

**C. Tortious Interference with Contract**

The R&R recommends dismissal of Plaintiff's claim of tortious interference with contract, asserted against Defendants Mountain and Walker. The Magistrate Judge found that Plaintiff failed to allege that the Defendants are third parties, and found such a failure to be fatal. ECF No. 17 at 18-20. Plaintiff objects to this finding, stating that the Defendants were true third parties, that the Defendants procured the termination of the contract, and that precedent prohibits dismissal of such a cause of action prior to discovery. ECF No. 18 at 11-12. This Court, "accept[ing] as true all well-pleaded allegations" and "view[ing] the complaint in a light most favorable to the plaintiff" agrees with the Magistrate Judge's recommendation, thus, dismissing Plaintiff's action for tortious interference with contract.

As to Plaintiff's argument that precedent from the South Carolina Supreme Court precludes dismissal of such a claim prior to discovery, this Court vehemently disagrees. The referenced court was presented with certified questions by a South Carolina District Court, none of the certified questions were "factual" questions. Accordingly, the South Carolina Supreme Court declined to address whether an individual was a party to an employment contract and whether a party was justified in reporting conduct. The court stated that such issues required "an evaluation of facts to be developed as the case progresses" and that the questions certified did "not ask[] us to address factual questions." *Hall v. UBS Fin. Servs. Inc.*, 435 S.C. 75, 92-93, 866 S.E.2d 337, 345-46 (2021). These questions were simply presented in the parties' arguments and the South Carolina Supreme Court's statement that "these two issues depend[] upon an evaluation of facts to be developed as the case progresses" was merely the court declining to answer factual questions which were to be left to the district court. Plaintiff Barrett's argument attempts to utilize mere *dicta* and is wholly without merit, thus, it is overruled.

This Court will now evaluate Plaintiff's objection disputing the Magistrate Judge's evaluation of the facts under a motion to dismiss standard. Plaintiff's complaint alleges that she was "terminated from her employment" "because of the false statements" of Defendants Mountain and Walker, who "were aware of the Plaintiff's contract for employment and intentionally

8

interfered with the contract by providing false information," with the "sole purpose" of harming Plaintiff to "intentional[ly] procure[] ... Plaintiff's termination from employment." ECF No. 1-1 at ¶¶ 115, 117, 121, & 124. Plaintiff alleges that Defendants Mountain and Walker "made several false statements regarding the Plaintiff in order to facilitate her termination...[statements] regarding the Plaintiff's performance of her positions, [and] failing to appear to conduct the requirements of her position" "in order to ruin, sabotage and create a false light regarding the Plaintiff's employment, performance and overall reputation." *Id*. at ¶¶ 106, 107, & 108. -

While Plaintiff may have inappropriately used *Hall* in the objection addressed above, such precedent guides this Court in addressing Plaintiff's second objection to the Magistrate Judge's recommendation. ECF No. 17 at 15; 435 S.C. 75, 866 S.E.2d 337 (2021). In order to establish a claim for tortious interference with contract, South Carolina requires a Plaintiff to prove "(1) the contract; (2) the wrongdoer's knowledge thereof; (3) his intentional procurement of its breach; (4) the absence of justification; and (5) resulting damages." However, prior to *Hall*, there had to truly be an underlying "breach" of the applicable contract to establish a tortious interference with contract claim. *Id*. at 92. *Hall* declared that "the absence of an underlying breach by the terminating employer does not shield [a] third party from liability when she intentionally and unjustifiably procures the termination of an at-will employee." *Id*. Further, the South Carolina Supreme Court found that a prior South Carolina Court of Appeals decision, *Todd v. South Carolina Farm Bureau Mut. Ins. Co.*[3], had correctly addressed the issue. *Id*. at 89, 92 (Stating that "[w]e now endorse the *Todd* court's recognition of the validity of a claim for third-party tortious interference with a terminable-at-will employment contract" and that "the court of appeals in *Todd* was correct." Specifically, the *Hall* court agreed that a Plaintiff may, at times, pursue an action for tortious interference with contract against a co-employee when that co-employee qualifies as a "third party.")

---

[3]*Todd v. S.C. Farm Bureau Mut. Ins. Co.*, 283 S.C. 155, 321 S.E.2d 602 (Ct. App. 1984), writ granted in part, 285 S.C. 84, 328 S.E.2d 479 (1985), and decision quashed, 287 S.C. 190, 336 S.E.2d 472 (1985).

*Todd* addressed[4] when a co-employee may qualify as a third party, stating that "a corporate employer is a party to the contract of its employee, and an officer or agent of the corporation acting for or on behalf of the corporation is not a third party either."[5] *Id*. at 164. Lastly, the court in *Todd* provided insight into when a third party's interference actually "procures" the referenced breach, proclaiming that "[t]he alleged act of interference must influence, induce or coerce one of the parties to the contract to abandon the relationship or breach the contract." *Id*. Likewise, as stated in the R&R, courts within this district have found that "coworkers, as agents of an employer, are not third parties, and thus, cannot be liable for tortious interference with a contract." ECF No. 17 at 13 (citing *McLendon v. Horry Cnty. Police Dep't*, No. 4:13-CV-3403-BHH, 2016 WL 1168142 (D.S.C. Mar. 25, 2016); *Farley v. Goodwill Indus. Of Lower S.C., Inc.*, No. 4-15-CV-2450, 2016 WL 408949, at *16 (D.S.C. Jan. 12, 2016) report and recommendation adopted, 2016 WL 398159 (D.S.C. Feb. 2, 2016); *Wencoast Restaurants, Inc. v. Chart Capital Partners, L.P.*, No. 2:05-1650-18, 2006 WL 490101, at *3 (D.S.C. Feb. 28, 2006)).

The Magistrate Judge provided that Plaintiff's claim must be dismissed, finding that Plaintiff failed to allege that "Mountain or Walker acted outside of the scope of their employment or that they acted 'for some independent purpose of their own, wholly disconnected with the furtherance of Grand Strand's business.'" ECF No. 17 at 15. Plaintiff has objected to this holding, and this Court's best understanding is that Plaintiff believes Defendants Mountain and Walker

---

[4]While the South Carolina Supreme Court stated that *Todd* got it right, it did not explicitly adopt the language quoted. However, such language, especially on scope of employment, coincides with South Carolina precedent. *See Armstrong v. Food Lion, Inc.*, 371 S.C. 271, 276, 639 S.E.2d 50, 53 (2006)*(*"The act of a servant done to effect some independent purpose of his own and not with reference to the service in which he is employed, or while he is acting as his own master for the time being, is not within the scope of his employment.")

[5]This language logically extends from South Carolina law on agency, providing that an employee may be considered a third party when acting "outside the scope of the agent's authority" and that the scope of authority is "[t]he range of reasonable power that an agent has been delegated or might foreseeably be delegated in carrying out the principal's business." *Dutch Fork Dev. Grp. II, LLC v. SEL Properties, LLC*, 406 S.C. 596, 605-06, 753 S.E.2d 840, 844-45 (2012).

were acting outside of the scope of their authority and that they intentionally procured the termination of Plaintiff's employment. ECF No. 19 at 9-11.

However, even when accepting Plaintiff's factual allegations as true and viewing the same in the light most favorable to Plaintiff, this Court agrees with the Magistrate Judge's recommendation. A claim for tortious interference with contract against co-employees requires the individual co-employees to have been acting outside of their employment and not as agents of the Corporate Defendants. Plaintiff has failed to allege that the actions of the individual defendants were conducted "for some independent purpose of [their] own, wholly disconnected with the furtherance of [the Corporate Defendants'] business." *Crittenden v. Thompson-Walker Co., Inc.*, 341 S.E.2d 385, 387 (S.C. Ct. App. 1986). Accordingly, even if the individual defendants were making any of the referenced statements, Plaintiff's allegations fail to rise to a level that shows that the individuals were not acting as agents of the Corporate Defendants. Accordingly, as agents of the Corporate Defendants, Defendants Mountain and Walker, are not third parties and, thus, cannot be liable for tortious interference with a contract. Therefore, this Court adopts the Magistrate Judge's recommendation and dismisses Plaintiff's action for tortious interference with contract. Therefore, the individual defendants are dismissed from this action.

**D. Plaintiff's Failure to Properly Serve HCA Healthcare, Inc.**

It is not disputed that Plaintiff served only one letter and one copy of the Summons and Complaints in an attempt to effectuate service on all three named entities (Grand Strand Regional Medical Center, HCA Healthcare, Inc., and Parallon). Plaintiff served such papers on CT Corporation System, the registered agent for Grand Strand Regional Medical Center, LLC. ECF No. 17 at 18. Plaintiff's objection argues that "HCA operates the medical center and is doing business as Grand Strand Medical Center," thus, service upon Grand Strand Medical Center's registered agent was sufficient to notify HCA Healthcare, Inc. that a "lawsuit had been filed against [it]." ECF No. 19 at 12.

Plaintiff cites to Fourth Circuit precedent to support her objection, providing that "the Fourth Circuit has consistently held that a plaintiff's failure to strictly comply with Rule 4 does not warrant dismissal of the case where the defendant has actual notice of the lawsuit against it."

ECF No. 19 at 12 (citing *Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984)). Plaintiff further cites an opinion stating that "where there is actual notice, every technical violation of the rule or failure of strict compliance may not invalidate the service of process." *Id*. Further, Plaintiff's response to the motion to dismiss argues that "HCA Healthcare no longer has a proper registered agent in the State of South Carolina as that Registered Agent has been merged out of Existence." ECF No. 6 at 24. Plaintiff uses this statement to supplement her argument that "HCA operates the hospital known as Grand Strand Regional Medical Center" and accordingly "HCA Healthcare received notice of the litigation through the registered agent for Grand Strand Medical." *Id*.

Rule 4(h) of the Federal Rules of Civil Procedure (FRCP) provides two methods to serve a corporation, partnership, or association in a judicial district of the United States. Fed. R. Civ. P. 4(h). The first method cross references Rule 4(e)(1), Rule 4(e)(1) provides that service may be effectuated by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1)(A); (h). The second method provides that Plaintiff may deliver "a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B). Rule 4 of the South Carolina Rules of Civil Procedure provides that "[c]opies of the original summons shall be served on each defendant." Rule 4(a), SCRCP. South Carolina's Supreme Court has not required "exacting compliance with the rules to effect service of process" so long as "the Plaintiff [has] sufficiently compl[ied] with the rules such that the court has personal jurisdiction of the defendant and the defendant has notice of the proceedings." *Roche v. Young Bros. of Florence*, 318 S.C. 207, 209-10, 456 S.E.2d 897, 899 (1995).

Plaintiff has truly made no effort to effectuate service upon HCA Healthcare, Inc. under any of the methods outlined in the previous paragraph. This is not a case of Plaintiff attempting to serve a defendant and nearly complying with the proscribed rules. Plaintiff could have sought out to identify the registered agent of HCA Healthcare, Inc. or could have made an effort to serve "an officer, a managing or general agent or any other agent authorized by law." Fed. R. Civ. P.

12

4(h)(1)(B). The fact that HCA Healthcare, Inc. is no longer organized under South Carolina law does not excuse Plaintiff from making any effort at all to properly effectuate service. Further, it is highly questionable whether HCA Healthcare, Inc. actually was provided with sufficient notice via Plaintiff serving the registered agent of Grand Strand Medical Center. Likewise, Plaintiff has not sufficiently complied with any of the referenced procedural rules so as to make this Court feel it may properly exercise jurisdiction over HCA Healthcare, Inc. Therefore, this Court overrules Plaintiff's objections, adopts the Magistrate Judge's recommendation and grants Defendant's motion to quash. Plaintiff must properly serve HCA Healthcare, Inc. Defendant's response to Plaintiff's objection to the R&R states that Defendant acquiesces to rulings on the motion to dismiss as to HCA Healthcare, Inc. being held in abeyance until proper service is effectuated. Accordingly, the decisions within this order as to HCA Healthcare, Inc. are not binding at this time.

### E.  Negligent Supervision

This Court agrees with the recommendation of the Magistrate Judge and grants Defendants' motion to dismiss Plaintiff's negligent supervision claim, as it falls within the exclusivity provision of the South Carolina Workers Compensation Act (SCWCA). The linchpin of the Magistrate Judge's recommendation is the exclusivity provision of the SCWCA, S.C. Code Ann. § 42-1-540, and its grant of exclusive original jurisdiction to the South Carolina Workers' Compensation Commission (SCWCC). ECF No. 17 at 9-10.

Plaintiff's objection states that "there is liability outside of the Worker's compensation act" in those instances that "an employer is liable for the actions of an employee when the three elements are met, upon the premises of the employer, employer's control over the employee and the employee knew it could control the employee." ECF No. 19 at 12-13 (citing *Rickborn v. Liberty Life Ins. Co.*, 321 S.C. 291, 468 S.E.2d 292(1996); *Degenhart v. Knights of Columbus*, 309 S.C. 114, 420 S.E.2d 495 (1992); *Charleston, S.C. Registry for Golf & Tourism, Inc. v. Young Clement Rivers & Tisdale, LLP*, 359 S.C. 635, 598 S.E.2d 717(Ct. App. 2004)). Further, Plaintiff's response in opposition to Defendants' motion to dismiss claims that "[t]he Workers' compensation exclusivity provision does not apply" as the SCWCA is "specific to accidents not

13

intentional acts of the agents." ECF No. 6 at 21.

First off, Plaintiff's lodged objections cite to cases that merely delineate the elements of a negligent supervision claim. *Charleston v. Young Clement* states "that an employer is under a duty in some circumstances to exercise reasonable care to control an employee acting outside the scope of employment." *Charleston, S.C. Registry for Golf & Tourism, Inc. v. Young Clement Rivers & Tisdale, LLP*, 359 S.C. 635, 645, 598 S.E.2d 717, 722–23 (Ct. App. 2004). That court further stated that an employer may be liable for negligent supervision when an

> employee intentionally harms another when the employee: (1) is upon the premises of the employer, or is using a chattel of the employer, (2) the employer knows or has reason to know that he has the ability to control his employee, and (3) the employer knows or should know of the necessity and opportunity for exercising such control.

*Id*. While the cases discuss when an intentional act of an employee may lead to a negligent supervision claim, the cases in no way state that such negligent supervision claims fall outside of the purview of the SCWCA. Likewise, the cases do not state that the intentional acts of the employees transform the action against the employer from a negligence claim to a claim for an intentional tort. Accordingly, even if Plaintiff were to satisfy such elements, the negligent supervision claim remains within the purview of the SCWCA and the South Carolina Workers' Compensation Commission is vested with exclusive original jurisdiction. *See* S.C. Code Ann. § 42-1-540; *Dickert v. Metro. Life Ins.* Co., 311 S.C. 218, 428 S.E.2d 700 (S.C. 1993); *Sabb v. S.C. State Univ.*, 567 S.E2d 231, 234 (S.C. 2002). Accordingly, this Court overrules Plaintiff's objection and adopts the Magistrate Judge's recommendation, granting Defendants' motion to dismiss Plaintiff's cause of action for negligent supervision.

## Conclusion

The Court has thoroughly reviewed the entire record, complaint, the R&R, objections to the R&R, and applicable law. For the reasons stated above and by the Magistrate Judge, the Court hereby **ADOPTS** the R&R.

This Court **GRANTS** Plaintiff's motion to amend her complaint, ECF No. 9.

This Court **DENIES** Defendants' motion to strike, presented within their motions to dismiss, ECF No's 5&8.

This Court **GRANTS** Defendants' motion to quash service upon HCA Healthcare, Inc., also presented within Defendants' motion to dismiss, ECF No. 5. Accordingly, HCA Healthcare, Inc. must be properly served to become a party to this action and subject to the jurisdiction of this Court.

As to Defendant Grand Strand Medical Center's motion to dismiss, ECF No. 5, this Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion, ECF No. 5. This Court **GRANTS** Defendants' motion to dismiss claims of ADEA Age Discrimination and Negligent Supervision. Accordingly, causes of action for race discrimination, hostile work environment, and retaliation in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000(e) et seq. and 42 U.S.C. § 1981 remain pending against Defendant Grand Strand Medical Center.

As to Defendants Mountain and Walker's motion to dismiss, ECF No. 8, this Court **GRANTS** Defendants' motion, ECF No. 8. Specifically, this Court **GRANTS** Defendants' motion to dismiss Plaintiff's causes of action for slander and tortious interference with contract.

**IT IS SO ORDERED.**

Florence, South Carolina　　　　　　　　　　　s/ R. Bryan Harwell
March 19, 2024　　　　　　　　　　　　　　　R. Bryan Harwell
　　　　　　　　　　　　　　　　　　　　　　Chief United States District Judge